An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTIAN DOMINIQUE WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59779

**FILED**

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with the use of a deadly weapon with the intent to promote, further, or assist a criminal gang; and murder with the use of a deadly weapon with the intent to promote, further, or assist a criminal gang. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant Christian Williams argues that insufficient evidence supports the verdict. We disagree, and conclude that the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Wilkins v. State*, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980). Williams' gang membership was established by expert testimony, as well as his own admissions, and established a motive to kill the victim. The victim's grandfather testified that prior to the shooting he overheard Williams saying he wanted to take the victim's firearms, and another

13-14557

witness testified that he heard Williams calling the victim a "snitch" and referencing statements the victim made while testifying against a fellow gang member. Other testimony indicated that Williams pointed a gun at the back of the victim's head and told him to empty his pockets for Williams' gang and that the victim emptied his pockets, turned, and shot at the same time as Williams. The medical examiner testified that the path of the bullet and powder marks on the victim's neck demonstrated that he was shot from behind at close range. This testimony was consistent with statements given to police shortly after the incident. We conclude that a rational juror could have found the essential elements of the crimes beyond a reasonable doubt. *See* NRS 193.165(1); NRS 193.168(1); NRS 200.010(1); NRS 200.030(b); NRS 200.380(1).

Second, Williams argues that the prosecution committed misconduct during opening statements by quoting gangster John Gotti and by showing an image during its PowerPoint presentation of one figure executing another next to the words "stop snitching." We agree. Although quotes are appropriate in opening statements, the selection of this particular quote and attribution of it to "the head of the Gambino crime family," effectively compared Williams to John Gotti and was improper. *Valdez v. State*, 124 Nev. 1172, 1191, 196 P.3d 465, 478 (2008) (internal quotation marks omitted). However, we conclude that the misconduct was harmless and no relief is warranted because the district court sustained the defense's objection to the attribution of the quote and the jury had been instructed moments before to disregard statements to which an objection was sustained. *See Kazmarek v. State*, 120 Nev. 314, 340, 91 P.3d 16, 34 (2004) (presuming that jurors follow the instructions

they are given). We also conclude that the prosecutor committed misconduct by displaying the execution image, and the district court erred by overruling Williams' objection to the image, because it was unnecessary to demonstrate the prosecution's theory of the case and served no purpose other than to inflame the jury. We conclude that this misconduct was also harmless. *See Valdez*, 124 Nev. at 1189-92, 196 P.3d 476-79. Although we conclude that each instance of misconduct was harmless on its own, we condemn the prosecutor's actions in this case and conclude that the misconduct contributed to the cumulative error which warrants reversal of Williams' judgment of conviction.

Third, Williams argues that the district court erred by denying his motion to suppress his statement to police because it was a result of a custodial interrogation in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). A suspect is in custody under *Miranda* if a reasonable person would not feel free "to terminate questioning and leave." *J.D.B. v. North Carolina*, 564 U.S. ___, ___, 131 S. Ct. 2394, 2402 (2011). We give deference to a district court's factual findings regarding the circumstances surrounding the interaction between the suspect and law enforcement which are not clearly erroneous and review de novo the district court's ultimate determination of whether the suspect was in custody. *Avery v. State*, 122 Nev. 278, 286-87, 129 P.3d 664, 670 (2006).

We disagree with the district court's conclusion that Williams was not in custody. *See id.* at 287, 129 P.3d at 670 ("Important considerations in deciding whether or not [a defendant] was in custody include the site of the interrogation, whether the investigation has focused on the subject, whether the objective indicia of arrest are present, and the

length and form of the questioning."). Witnesses at the scene told law enforcement that Williams was the shooter and law enforcement clearly considered him to be the primary suspect because they escorted him directly from the hospital to the police station to be interrogated. Although Williams had access to personal belongings, the door to the interrogation room was open, and his mother was present, other objective factors were indicative of an arrest. *See id.* And, Williams was only sixteen years old at the time. *See J.D.B.*, 564 U.S. at ___, 131 S. Ct. at 2406 (holding that a minor's age is a relevant factor in a *Miranda* custody analysis). Considering the totality of the circumstances, a reasonable person would not feel free to terminate questioning and leave and therefore *Miranda* warnings should have been given. *See Avery, 122 Nev.* at 286, 129 P.3d at 669. Although we conclude that the admission of Williams' statement was harmless beyond a reasonable doubt, *see Arizona v. Fulminante*, 499 U.S. 279, 295 (1991), we conclude that it also contributed to the cumulative error which warrants reversal.[1]

Fourth, Williams argues that the district court erred by admitting into evidence a witness' entire statement to police. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). The district court admitted the statement because it was inconsistent with

___

[1]Williams also argues that the district court erred by admitting only a portion of his statement to police. Because Williams' entire statement was ultimately admitted, we conclude that this claim lacks merit.

the witness' testimony at trial and refuted his claim that he was coerced by law enforcement to implicate Williams. NRS 51.035(2)(a)-(b). Williams does not establish which portions of the statement he believes were prejudicial or contained hearsay and did not do so below when the district court indicated a willingness to redact the statement as necessary. We conclude that the district court did not abuse its discretion in admitting the statement.

Fifth, Williams argues that the district court erred by excluding the testimony of an unnoticed witness. We review "a district court's decision whether to allow an unendorsed witness to testify for abuse of discretion." *Mitchell v. State*, 124 Nev. 807, 819, 192 P.3d 721, 729 (2008). Although the right to present testimony is not absolute and must be balanced against "countervailing public interests," *Taylor v. Illinois*, 484 U.S. 400, 414 (1988), a strong presumption exists in favor of allowing late-disclosed witnesses to testify, *see Sampson v. State*, 121 Nev. 820, 827, 122 P.3d 1255, 1260 (2005). Here, at 4:30 p.m. on the last day of trial, the defense attempted to call an alleged eyewitness to corroborate Williams' version of events. The district court excluded the witness and rejected counsel's explanation that he had inadvertently noticed a man named Marcus Collins instead of Marquis Clemons. Although the record makes clear that the State did not, and could not have, anticipated the witness because his name never appeared in any witness statement and no testimony, including the defendant's, placed him at the scene of the crime, we conclude that the district court abused its discretion because the witness' testimony went to "the heart of the case," *see id.*, and the district court did not explicitly find that the defense acted in bad faith, *see* NRS

174.234(3)(a). While harmless on its own, the error contributed to the cumulative error which warrants reversal.

Sixth, Williams argues that the district court erred by allowing prior bad act testimony. The district court conducted a hearing and concluded that evidence of Williams' gang affiliation and conviction for discharging a firearm into a vehicle were supported by clear and convincing evidence, were relevant to prove motive and support the gang enhancement, and were not substantially more prejudicial than probative. *See Tinch v. State*, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997), *holding modified by Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249-50 (2012). Because Williams' prior conviction, which was gang related, set the stage for the retaliatory killing which preceded the instant offense, we conclude that the district court did not abuse its discretion in admitting evidence of Williams' prior conviction and gang affiliation. *See Butler v. State*, 120 Nev. 879, 889, 102 P.3d 71, 79 (2004) (evidence of gang affiliation in murder prosecution "provided the common thread that connected the story of events" and was therefore admissible to show motive).

Seventh, Williams argues that cumulative error entitles him to relief. We agree. Although the evidence of guilt was sufficient, it was not overwhelming, and the charges were undoubtedly grave. *See Valdez*, 124 Nev. at 1195, 196 P.3d at 481. Importantly, "[t]his court must ensure that harmless-error analysis does not allow prosecutors to engage in misconduct by overlooking cumulative error in cases with substantial evidence of guilt." *Id.* Here, the errors were numerous and involved misconduct concerning both prosecutors and police officers. We thereby

SUPREME COURT
OF
NEVADA

(O) 1947A

6

conclude that cumulative error warrants reversal of Williams' judgment of conviction, and we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Michael Villani, District Judge
       Justice Law Center
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A